■ ANNETTE DANTZLER, Respondent, v 2727 REALTY LLC et al., Appellants. [878 NYS2d 47]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered December 3, 2008, which, to the extent appealed from as limited by the briefs, denied defendants' motion to compel plaintiff to appear for an independent medical examination by an orthopedic physician and to provide authorizations for medical and related records regarding treatment for a prior injury, unanimously modified, on the facts, to grant the motion to the extent of directing plaintiff to appear for an independent medical examination by an orthopedic physician and to provide authorizations for the release of medical records relating to plaintiff's right knee and leg in the possession of Montefiore Medical Center and the Radiology Department of Montefiore Medical Center, without limitation as to time, and otherwise affirmed, without costs.

When plaintiff, who is suing for an injury to her right knee, appeared at the correct medical office for an orthopedic independent medical examination (IME), the orthopedist who was

supposed to examine her was absent, and she was examined instead by a neurologist, although no neurological injuries are claimed. As it appears from the record that this was the result of a mutual misunderstanding of some kind, defendants should be afforded an additional opportunity to conduct an orthopedic IME, without which their defense would be severely prejudiced.

A prior order of the motion court, dated November 28, 2007, directed plaintiff to provide "HIPAA authorization for Montefiore Hospital *unlimited as to time* for all meds [*sic*] including films and all emergency room records as to treatment for [the right] knee & leg" (emphasis added), as well as "HIPAA authorization for Montefiore Radiology including all meds [*sic*] and films related to right knee & leg," with no time limitation mentioned. The absence of a time limitation is significant, as plaintiff admits to having been treated for an injury to her right knee at some point several years before the subject incident; she apparently does not recall the date or year of the prior injury. Nonetheless, plaintiff provided authorizations directed to Montefiore for the release of records dating back only to March 1, 2000. Plaintiff should provide defendants with authorizations for Montefiore without a time limitation, as required by the November 2007 order, which she has never challenged.

We have considered defendants' remaining contentions and find them without merit. Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.